United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                              Case No. 2:24-cr-20608

v.

                              Hon. Susan K. DeClerq

Jeanisia Allen,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Jeanisia Allen, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.     Count of Conviction**

The defendant will waive her right to an indictment and will plead guilty to Counts 1 and 2 of the information. Count 1 charges the defendant with Wire Fraud under 18 U.S.C. § 1343. Count 2 charges the defendant with Money Laundering under 18 U.S.C. § 1957.

2. **Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which she is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 20 years |
|---------|----------------------|----------|
|         | Fine: | $250,000 |
|         | Term of supervised release: | 3 years |
| Count 2 | Term of imprisonment: | 20 years |
|         | Fine: | $250,000 or 2x the value of the derived property |
|         | Term of supervised release: | 3 years |

3. **Elements of Counts of Conviction**

The elements of Count 1 are:

> **First**, knowingly participating in a scheme to defraud in order to deprive another of money or property;
>
> **Second**, that the scheme included a material misrepresentation or concealment of a material fact;
>
> **Third**, the intent to defraud; and
>
> **Fourth**, the use of wire communications in interstate commerce in furtherance of the scheme.

The elements of Count 2 are:

> **First**, engaging or attempting to engage in a monetary transaction;
>
> **Second**, knowing that the transaction involved criminally derived property;
>
> **Third**, that the criminally derived property must be of a value greater than $10,000;
>
> **Fourth**, that the criminally derived property must also, in fact, have been derived from a specified unlawful activity, in this case Wire Fraud in violation of 18 U.S.C. § 1343; and
>
> **Fifth,** that the monetary transaction must have taken place in the United States.

**4.     Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning in approximately April 2020 and continuing through approximately March 2021, in the Eastern District of Michigan, defendant JEANISIA ALLEN, having devised a scheme to defraud, and to obtain money by means of false and fraudulent pretenses and representations, did cause certain signs, signals and sounds to be transmitted in interstate commerce for the purpose of executing the scheme to defraud.

Between approximately April 1, 2020, and March 1, 2021, JEANISIA

ALLEN, either herself or through Person A, applied for and obtained fourteen

fraudulent Economic Injury Disaster (EIDL) and Paycheck Protection Program

(PPP) loans totaling $919,300.00, as documented by the following chart:

| Business Name | Applicant | Loan Type | Date | Lender | Amount |
|---|---|---|---|---|---|
| First Choice Tax Solutions LLC | Jeanisia Allen | PPP | 04/21/2020 | Huntington National Bank | $2,000 |
| Christios Childcare & Academy 3 Inc. | Jeanisia Allen | PPP | 04/29/2020 | Huntington National Bank | $11,200 |
| Christios Childcare & Academy 4 Inc. | Jeanisia Allen | PPP | 04/29/2020 | Huntington National Bank | $20,700 |
| Christios Childcare & Academy 2 Inc. | Jeanisia Allen | PPP | 05/04/2020 | Huntington National Bank | $28,900 |
| The Tax Experts | Person A | PPP | 05/04/2020 | Cross River Bank | $20,832 |
| Christios Childcare & Academy 2 Inc. | Jeanisia Allen | EIDL + Advance Grant | 06/10/2020 | SBA | $57,400 |
| Christios Childcare & Academy 4 Inc. | Person A | EIDL + Advance Grant | 06/17/2020 | SBA | $93,900 |
| First Choice Tax Solutions LLC | Jeanisia Allen | EIDL + Advance Grant | 06/18/2020 | SBA | $23,000 |
| Impact Realty Group LLC | Person A | EIDL + Advance Grant | 06/20/2020 | SBA | $159,900 |
| Team Marque | Person A | EIDL + Advance Grant | 07/21/2020 | SBA | $159,900 |
| Unified Home Help Services Inc. | Jeanisia Allen | EIDL + Advance Grant | 07/21/2020 | SBA | $159,900 |
| Christios Childcare & Academy 3 Inc. | Jeanisia Allen | EIDL + Advance Grant | 08/07/2020 | SBA | $157,900 |

| Christios Childcare & Academy 3 Inc. | Jeanisia Allen | PPP - Second Draw | 02/26/2021 | Huntington National Bank | $7,018 |
| Christios Childcare & Academy 4 Inc. | Jeanisia Allen | PPP - Second Draw | 03/01/2021 | Huntington National Bank | $16,750 |

The above loan applications resulted in the interstate transmission of funds to JEANISIA ALLEN by wire from the Small Business Administration, Huntington Bank, and Cross River Bank.

JEANISIA ALLEN made or caused to be made materially false representations in the application documents submitted to obtain each of the loans described above. For example, statements were made to make it appear that businesses were eligible for these loans when they were not. In addition, at least one fraudulent IRS filing was submitted as part of an application that was never filed with the IRS.

JEANISIA ALLEN used the funds received from the loans described above for her personal expenses and enrichment, contrary to the express requirements of the PPP and EIDL loan programs.

JEANISIA ALLEN engaged in various financial transactions over $10,000 with the fraudulently obtained PPP and EIDL loan proceeds. This included, on June 22, 2020, writing herself a check in the amount of $55,000 from the proceeds of a fraudulent EIDL loan received by

Christios Childcare & Academy 4 Inc. After moving through two personal checking accounts, these funds were used for the payoff of a home loan for a house located in Southfield, Michigan.

5.    **Advice of Rights**

The defendant has read the information, has discussed the charges and possible defenses with her attorney, and understands the crime charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

**6.     Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of

the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

## 7.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b).] If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way;

denying her guilt on the offense(s) to which she is pleading guilty;
committing additional crimes after pleading guilty; or otherwise
demonstrating a lack of acceptance of responsibility as defined in USSG
§ 3E1.1—the government will be released from its obligations under
this paragraph, will be free to argue that the defendant not receive *any*
reduction for acceptance of responsibility under USSG § 3E1.1, and will
be free to argue that the defendant receive an enhancement for
obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal
Procedure 11(c)(1)(B) that the following guideline provisions apply to
the defendant's guideline calculation on Count One:

> 2B1.1(a)(1) Base: 7
>
> 2B1.1(b)(1)(H) More than $550,000: +14
>
> 2B1.1(b)(1)(C) Sophisticated Means: +2
>
> 2S1.1(a)(1) Base: 23
>
> 2S1.1(b)(2)(A) Conviction under 18 U.S.C. § 1957: +1

The parties have no other joint recommendations as to the
defendant's guideline calculation.

### D.   Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.   Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

8. **Imposition of Sentence**

A. **Court's Obligation**

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

B. **Imprisonment**

1. **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

2. **No Right to Withdraw**

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

The parties have no agreement as to supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There parties have no agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant

agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F.    Forfeiture**

Pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from her violation of 18 U.S.C. § 1343 as charged in Count One of the Information. Defendant also agrees to forfeit any property involved in her violation of Count Two under 18 U.S.C. § 982(a)(1), including, but not limited to, her interest in the real property located in Southfield, Michigan.

Pursuant to Fed.R.Crim.P.32.2, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, defendant agrees to the entry of a personal forfeiture money judgment against her in favor of the United States in the amount of $919,300.00 which represents the amount of proceeds that she personally obtained from her violation of Count One.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property that she owns. To satisfy the money judgment, the defendant explicitly agrees to the

forfeiture of any assets that she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.    The defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing the above referenced forfeiture money judgment, upon application by the United States at, or any time before, her sentencing in this case.  The defendant agrees to sign such an order, indicating she consents to its entry if requested to do so by the government.  The defendant agrees that the forfeiture order will be final and effective upon entry by the Court.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.  The defendant acknowledges that she understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

G.    **Special Assessment**

The defendant understands that she will be required to pay a special assessment of $200, due immediately upon sentencing.

**9.    Appeal Waiver**

The defendant waives any right she may have to appeal her conviction on any grounds. The defendant also waives any right she may have to appeal her sentence on any grounds, unless her sentence of imprisonment exceeds the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

**10.    Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by

collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**11.    Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw her guilty plea, or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives her double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant

waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 12.   Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she understands waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 13.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 14.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made

by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**15.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 on April 30, 2025. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Julie A. Beck
Acting United States Attorney

Mark Chasteen
Chief, White Collar Crime Unit
Assistant United States
Attorney

Timothy J. Wyse
Assistant United States
Attorney

Dated: 4/4/2025

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____        _____
Allison Kriger                                              Jeanisia Allen
Attorney for Defendant                              Defendant

Dated: 4-14-25