UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 24-cr-20608
                              Honorable Susan K. DeClercq

vs.

Jeanisia Allen,

        Defendant.

## FIRST AMENDED STIPULATED PRELIMINARY ORDER OF FORFEITURE

Plaintiff, by and through its undersigned attorneys, together with the defendant, Jeanisia Allen, by and through her attorney, Allison L. Kriger, submit this First Amended Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following:

1. On November 6, 2024, the United States filed an Information against Defendant Jeanisia Allen for:

- Count 1, Wire Fraud, in violation of 18 U.S.C. § 1343; and

- Count 2, Money Laundering, in violation of 18 U.S.C. § 1957.

(ECF No. 1). The Information alleged forfeiture and provided the Government's intent to seek a forfeiture money judgment against Allen in the amount of **Nine Hundred Nineteen Thousand Three Hundred Dollars and 00/100 ($919,300.00)**,

representing the total value of the property subject to forfeiture for Allen's violations as charged in the Information. (*Id.*).

2.      On or about April 14, 2025, Allen pleaded guilty in a Rule 11 Plea Agreement (Plea Agreement) to:

- Count 1, Wire Fraud, in violation of 18 U.S.C. § 1343; and
- Count 2, Money Laundering, in violation of 18 U.S.C. § 1957.

(ECF No. 13). Allen's Plea Agreement included a forfeiture provision providing for the entry of a personal forfeiture money judgment in the amount of **Nine Hundred Nineteen Thousand Three Hundred Dollars and 00/100 ($919,300.00)**, representing the total amount of proceeds she obtained or derived, directly or indirectly, from her violations of personally obtained from her violations of 18 U.S.C. §§ 1343 and 1957. (*Id.*, PageID.58).

3.      Further, Allen's Plea Agreement provided for the forfeiture of any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from her violation of 18 U.S.C. § 1343, and any property involved in her violation of 18 U.S.C. § 982(a)(1), including, but not limited to, the real property located in Southfield, Michigan. (*Id.*). The real property is commonly referred to as **28915 Carmel Dr., Southfield, MI 48076** and is more particularly described as:

**LOT 491, BEVERLY WOODS SUBDIVISION NO.5, AS RECORDED IN LIBER 105 ON PAGES 26 AND 27 OF PLATS, OAKLAND COUNTY RECORDS.**

**PARCEL ID: 76-24-15-127-017**

(hereinafter referred to as the "Subject Property").

4. In the factual basis of Allen's Plea Agreement, Allen agreed that beginning in approximately April 2020 and continuing through approximately March 2021, having devised a scheme to defraud, and to obtain money by means of false and fraudulent pretenses and representations, Allen did cause certain signs, signals, and sounds to be transmitted in interstate commerce for the purpose of executing the scheme to defraud. (*Id*.). Allen agreed that between approximately April 1, 2020, and March 1, 2023, either herself or through Person A, applied for and obtained fourteen fraudulent Economic Injury Disaster (EIDL) and Paycheck Protection Program (PPP) loans totaling $919,300.00. (*Id*.). The loan applications resulted in the interstate transmission of funds to Allen by wire from the Small Business Administration (SBA), Huntington Bank, and Cross River Bank. (*Id*.). Allen agreed she made or caused to be made materially false representations in the application documents submitted to obtain each of the loans described in the Plea Agreement, and that statements were made to make it appear that businesses were eligible for loans when they were not. (*Id*.). In addition, Allen agreed at least one

fraudulent IRS filing was submitted as part of an application that was never filed with the IRS. (*Id.*).

5. In the factual basis of Allen's Plea Agreement, Allen agreed she used the funds received from the loans described for her personal expenses and enrichment, contrary to the express requirements of the PPP and EIDL loan programs. (*Id.*). Allen engaged in various financial transactions over $10,000.00 with the fraudulently obtained PPP and EIDL loan proceeds. (*Id.*). This included, on June 22, 2020, writing herself a check in the amount of $55,000.00 from the proceeds of a fraudulent EIDL loan received by Christios Childcare and Academy 4 Inc. (*Id.*). After moving the funds through two personal checking accounts, the funds were used for the payoff of a home loan for the Subject Property in Southfield, Michigan. (*Id.*).

6. On June 2, 2025, the United States applied for entry of a Preliminary Order of Forfeiture. (ECF No. 14). On July 8, 2025, the Court entered a Preliminary Order of Forfeiture forfeiting Allen's interest in the Subject Property and imposed a forfeiture money judgment in the amount of **Nine Hundred Nineteen Thousand Three Hundred Dollars and 00/100 ($919,300.00)** against Allen and in favor of the United States. (ECF No. 17).

7.  Upon entry of the Preliminary Order of Forfeiture, the United States became aware it had inadvertently omitted the legal description from the Subject Property.

8.  Pursuant to Fed. R. Crim. P. 36, the Court has authority to correct clerical errors at any time due to oversight or omission, and on conference, Allen's counsel had no objections.

9.  The Court retains jurisdiction over this matter pursuant to Fed. R. Crim. P. 32.2(e).

Based on the Information, the Rule 11 Plea Agreement, the defendant's guilty plea, the Preliminary Order of Forfeiture, this Stipulation and other information contained in the record, and pursuant to Fed. R. Crim P. 32.2, 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The following property ("Subject Property") **IS HEREBY FORFEITED** to the United States under 18 U.S.C. § 982(a)(1), and/or 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c):

    Real property commonly referred to as **28915 Carmel Drive, Southfield, Michigan 48076** and more particularly described as:

    **LOT 491, BEVERLY WOODS SUBDIVISION NO.5, AS RECORDED IN LIBER 105 ON PAGES 26 AND 27 OF PLATS, OAKLAND COUNTY RECORDS.**

5

PARCEL ID: 76-24-15-127-017

for disposition according to law, and any right, title or interest of the defendant, and any right, title or interest that her heirs, successors, or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

2. The Subject Property was involved in the defendant's violation of 18 U.S.C. §§ 1343 and 1957, and the requisite nexus exists between the Subject Property and offense of conviction.

3. The defendant shall forfeit to the United States her interest in any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly from her violations of 18 U.S.C. §§ 1343 and 1957, as charged in Counts 1 and 2 of the Information.

4. A personal forfeiture money judgment in the amount of **Nine Hundred Nineteen Thousand Three Hundred Dollars and 00/100 ($919,300.00)**, is **ENTERED** against the defendant in favor of the United States which represents the total value personally obtained by the defendant from the wire fraud scheme described in the factual basis of the defendant's Rule 11 Plea Agreement.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant upon entry and the forfeiture shall be made part of

the defendant's sentence and included in her Judgment.

6. The forfeiture provisions of this order are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the entry of this Order. The forfeitability of any particular property pursuant to this Order shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including the money judgment amount, is collected in full.

7. If the defendant does not pay the forfeiture money judgment, the United States may move to satisfy the forfeiture money judgment with any assets that the defendant has now or may later acquire. Later acquired assets may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2). The United States is permitted to undertake whatever discovery is necessary to identify, locate, or dispose of substitute assets under Fed. R. Crim. P. 32.2(b) and the Federal Rules of Civil Procedure.

8. Upon entry of this Order, the United States and/or its designee, is authorized, pursuant to Fed. R. Crim. P. 32.2(b)(2) and (3), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the

rights of any third parties.

9. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2, and other applicable rules, the United States shall publish notice of this First Amended Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third-party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

11. If no third-party files a timely petition before the expiration of the period provided at 21 U.S.C. § 853(n)(2), then this First Amended Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided at 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

12. If a third-party files a timely petition for ancillary hearing regarding the Subject Property, the Court shall enter a final order of forfeiture by amending this First Amended Stipulated Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Fed. R. Crim. P. 32.2(c)(2).

13. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Approved as to form and substance:

JEROME F. GORGON, JR.
United States Attorney

| | |
|---|---|
| S/ *Jessia A. Nathan* | S/ *Allison L. Kriger* (with consent) |
| JESSICA A. NATHAN | ALLISON L. KRIGER (P76364) |
| (TX 24090291) | Attorney for Jeanisia Allen |
| Assistant United States Attorney | La Rene & Kriger, P.L.C. |
| 211 W. Fort Street, Suite 2001 | 645 Griswold Suite 171 |
| Detroit, MI 48226 | Detroit, MI 48221 |
| (313) 226-9643 | (313) 967-0100 |
| Jessica.Nathan@usdoj.gov | allison.kriger@gmail.com |
| | |
| Dated: July 15, 2025 | Dated: July 15, 2025 |

*******************************

**IT IS SO ORDERED.**

Dated: July 18, 2025                     /s/Susan K. DeClercq
                                         SUSAN K. DeCLERCQ
                                         United States District Judge