United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Jeanisia Allen,

    Defendant.
_____/

Case No. 2:24-cr-20608

Hon. Susan K. DeClerq

## GOVERNMENT'S SENTENCING MEMORANDUM

During the height of the COVID-19 pandemic, Jeansisa Allen fraudulently applied for over a dozen loans through programs meant to support struggling small businesses. As a result, she defrauded these programs of over $900,000. Through various financial transactions, she then laundered these funds before using them for her personal enrichment.

Allen's guidelines, as estimated by the Presentence Investigation Report (PSR), call for a sentence of 30 months to 37 months.

For the reasons stated in this memorandum, a sentence of 37 months incarceration—the high point of the guideline range—followed by three years of supervised release, is "sufficient, but not greater than necessary," pursuant to the purposes of 18 U.S.C. § 3553(a).

## I. OFFENSE CONDUCT

On April 14, 2025, Jeanisia Allen pleaded guilty, pursuant to a Rule 11 Agreement, to one count of Wire Fraud in violation of 18 U.S.C. § 1343 and one count of Money Laundering in violation of 18 U.S.C. § 1957.

### Count 1

Beginning in approximately April 2020 and continuing through approximately March 2021, Jeanisia Allen—either herself or through another person—applied for and obtained fourteen fraudulent Economic Injury Disaster (EIDL) and Paycheck Protection Program (PPP) loans totaling $919,300.00, as documented by the following chart:

| Business Name | Applicant | Loan Type | Date | Lender | Amount |
|---|---|---|---|---|---|
| First Choice Tax Solutions LLC | Jeanisia Allen | PPP | 04/21/2020 | Huntington National Bank | $2,000 |
| Christios Childcare & Academy 3 Inc. | Jeanisia Allen | PPP | 04/29/2020 | Huntington National Bank | $11,200 |
| Christios Childcare & Academy 4 Inc. | Jeanisia Allen | PPP | 04/29/2020 | Huntington National Bank | $20,700 |
| Christios Childcare & Academy 2 Inc. | Jeanisia Allen | PPP | 05/04/2020 | Huntington National Bank | $28,900 |
| The Tax Experts | Person A | PPP | 05/04/2020 | Cross River Bank | $20,832 |
| Christios Childcare & Academy 2 Inc. | Jeanisia Allen | EIDL + Advance Grant | 06/10/2020 | SBA | $57,400 |
| Christios Childcare & Academy 4 Inc. | Person A | EIDL + Advance Grant | 06/17/2020 | SBA | $93,900 |

| First Choice Tax Solutions LLC | Jeanisia Allen | EIDL + Advance Grant | 06/18/2020 | SBA | $23,000 |
| Impact Realty Group LLC | Person A | EIDL + Advance Grant | 06/20/2020 | SBA | $159,900 |
| Team Marque | Person A | EIDL + Advance Grant | 07/21/2020 | SBA | $159,900 |
| Unified Home Help Services Inc. | Jeanisia Allen | EIDL + Advance Grant | 07/21/2020 | SBA | $159,900 |
| Christios Childcare & Academy 3 Inc. | Jeanisia Allen | EIDL + Advance Grant | 08/07/2020 | SBA | $157,900 |
| Christios Childcare & Academy 3 Inc. | Jeanisia Allen | PPP - Second Draw | 02/26/2021 | Huntington National Bank | $7,018 |
| Christios Childcare & Academy 4 Inc. | Jeanisia Allen | PPP - Second Draw | 03/01/2021 | Huntington National Bank | $16,750 |

As part of these loan applications, Allen made or caused to be made materially false representations. For example, statements were made to make it appear that businesses were eligible for loans when they were not. In addition, at least one purported IRS filing was submitted as part of an application that was, in fact, a fraudulent document never filed with the IRS. Allen used the proceeds of these loans for personal expenses and enrichment, contrary to the mandates of the PPP and EIDL loan programs.

**Count 2**

Allen moved the funds she received from the fraudulent PPP and EIDL loans through numerous business and personal accounts that were in her and her husband's names. This was to conceal and co-mingle the fraudulent proceeds with potentially legitimate income. Allen engaged in various financial transactions over $10,000 with

3

the fraudulently obtained proceeds, including on June 22, 2020, writing herself a check in the amount of $55,000 from the proceeds of a fraudulent EIDL loan received by Christios Childcare & Academy 4 Inc. After moving through two personal checking accounts, these funds were used for the payoff of a home loan for a house located in Southfield, Michigan.

## II. Restitution

$919,300.00 in restitution is due from Allen to the Small Business Administration (SBA).

## III. Forfeiture

As part of the Rule 11 agreement, Allen agreed, pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from her violation of 18 U.S.C. § 1343 as charged in Count One of the Information. She also agreed to forfeit any property involved in her violation of Count Two under 18 U.S.C. § 982(a)(1), including, but not limited to, her interest in the real property located in Southfield, Michigan.

Allen has agreed, pursuant to Fed.R.Crim.P.32.2, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, to the entry of a personal forfeiture money judgment against her in favor of the United States in the amount of $919,300.00, representing the amount of proceeds that she personally obtained from her violation of Count One. A

Preliminary Order of Forfeiture has been entered by the Court. (ECF No. 17, PageID.109-113.)

### Guidelines Range

The PSR calculates that Allen's sentencing guidelines call for a term of imprisonment of 30 months to 37 months. The parties do not dispute this calculation.

## IV. Sentencing Factors

Title 18, United States Code, Section 3553(a), sets forth factors that the Court shall consider in sentencing the defendant. These factors are described below, numbered as corresponding to Section 3553(a):

**(1) The nature and circumstances of the offense…**

Allen's guideline range is fixed largely by the agreed upon loss, but the guidelines fail to account for aggravating factors that elevate the nature and circumstances of her crimes above the "average" fraud and money laundering scheme.

Allen's crimes frustrated the government's attempts to support small business struggling to stay afloat during the COVID-19 pandemic. Her scheme took advantage of the government's need for rapid action during an unprecedented crisis, siphoning off nearly a million dollars in government aid. Not only did Allen's conduct frustrate the government's aid scheme, but her crimes undermined faith in the government's ability to help Americans at their most vulnerable.

5

The guidelines do not capture these factors; they cannot because of unique circumstances connected to a historic pandemic. But the government asks the Court to take this background into account in fashioning a sentence that best serves the interest of justice.

**…and the history and characteristics of the defendant;**

Allen's criminal history score is zero. She received a three-point reduction for acceptance of responsibility, and—because she scored as a zero-point offender—she is entitled to a two-point reduction pursuant to U.S.S.G. §§ 4C1.1(a) and (b). These adjustments account for the fact that this is Allen's first offense and that she has shown remorse and accepted responsibility for her—serious—crimes. She deserves no further reduction to her sentence beyond these adjustments.

In evaluating Allen's character, the Court should also take into account that the scheme involved over a dozen separate loan applications that took time and effort to prepare. Allen ultimately obtained over $900,000, not through a single stroke of a pen in a moment of weakness, but through a dedicated and sophisticated campaign that lasted approximately a year.

In evaluating Allen's character, the Court should also take into account both that there was no apparent need for Allen to have committed these crimes as well as how she appears to have spent—and appears to still be enjoying—her fraudulent gains.

Jeanesia Allen has a degree in finance, a history of solid employment, and she is married to husband who is also employed. Between 2011 and 2021, she reported running a business that earned approximately $150,000 per year. A second business she started in 2017 reportedly earned an average of $10,700 per month as of May 2025. She also reports a 50% interest in a realty group. She has no history of substance abuse. Nothing in the PSR suggests a history of any unusual financial distress.

Considering her crimes, her current lifestyle is also egregiously extravagant. After her crimes were committed, she left the district in 2023. She now lives with her husband and her daughter in a five-bedroom, five-bathroom home in Georgia for which she pays $4,700 per month. Her assets include three vehicles—a 2023 Mercedes Benz, a 2021 Cadillac Escalade, and a camper valued at $50,000.

**(2) The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; (C) to protect the public from further crimes of the defendant; and (D) to provide defendant with appropriate education or vocational training.**

Allen's punishment should take into account not only the scope and seriousness of her criminal conduct but also the need to deter future crimes—both by Allen and by others.

Functioning as a general deterrent is crucial. In 2020, the government acted rapidly to enact numerous programs to aid to those whose livelihoods have been

impacted by the COVID-19 pandemic. Unemployment aid, payroll loans, and other forms of aid were aggressively rolled out to help keep Americans financially stable during dark times. Unfortunately, but also unsurprisingly, fraudulent applications for aid became rampant. Harsh punishment for those caught abusing aid programs is needed to deter others who see these programs as targets for fraud.

**(3) The kinds of sentences available**

The maximum penalty for Count, 1 Wire Fraud in violation of 18 U.S.C. § 1349, is twenty years imprisonment followed by up to three years of supervised release, and/or a fine not to exceed $250,000.00.

The maximum penalty for Count 2, Money Laundering in violation of 18 U.S.C. § 1957, is twenty years imprisonment followed by up to three years of supervised release, and/or a fine not to exceed $250,000.00 or twice the pecuniary loss.

**(4) The sentencing range established by the Guidelines**

As set forth above in Section IV, the appropriate sentencing range, pursuant to the U.S. Sentencing Guidelines, is 30 to 37 months imprisonment.

**(5) Pertinent policy statements issued by the Sentencing Commission**

The government is unaware of any pertinent policy statement issued by the United States Sentencing Commission.

### (6) The need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct

The government believes that a guideline sentence will best ensure uniformity in sentencing among similarly situated defendants. While the guidelines are not mandatory, they represent considered recommendations meant to standardize sentencings across the country. Departure from them without good cause jeopardizes that goal.

According to data from the Judiciary Information Sentencing Information (JSIN) database, during the last five fiscal years (FY2020-2024), there were 142 defendants whose primary guideline was §2S1.1, with a Final Offense Level of 19 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 120 defendants (85%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 22 months and the median length of imprisonment imposed was 24 months.

While these figures are below the government's recommendation, given the aggravating factors described above, the government's recommendation of 37 months promotes the interest of justice while still avoiding unwarranted sentencing disparity.

**(7) The need to provide restitution**

Restitution is mandatory in this case, as dictated by the Mandatory Criminal Restitution Act codified at 18 U.S.C. § 3663A. The necessary restitution in this case is described above in Section II.

## RECOMMENDATION

For all the reasons above, the government recommends that defendant Jeanisia Allen be sentenced to a term of 37 months in prison followed by three years of supervised release and also ordered to pay restitution as described above in Section II.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*/s/ Timothy J. Wyse*
Timothy J. Wyse
Assistant U.S. Attorney
(313) 226-9144
211 West Fort, Suite 2001
Detroit, Michigan 48226
Timothy.Wyse@usdoj.gov

November 13, 2025